# Larzelere, Sheriff v. Fisher, Trustee.

Upon a claim made by the Sheriff under the fee bill of July 11, P. L. 663, which provides, inter alia, "for paying out money made or received on any writ, process, decree, order or sentence of Court, two cents on every dollar awarded and implied or paid on any judgment, mortgage, encumbrance or other claim, provided that the amount of same does not exceed five hundred dollars; in which case one half cent on every dollar in excess of this amount awarded and applied or paid as aforesaid: Said commissions to be allowed whether the money is paid with or without sale, and also in all cases where, after levy, the debt has been paid direct to plaintiff or a compromise made without the money going through the Sheriff's hands," in the absence of collusion or compromise, the expression "said commissions to be allowed whether the money is paid with or without sale" when it is paid to the Sheriff, either by the debtor in satisfaction of the debt, and also the expression "also in all cases where after levy the debt had been paid direct to plaintiff, or a compromise made without the money going through the Sheriff's hands," are construed to mean where the debt is actually paid or compromised.

SHERIFF'S FEES—POUNDAGE—LEVARI FACIAS SUR MORTGAGE—
ACT OF JULY 11, 1901, P. L. 663.

No. 172, June Term, 1093, C. P. of Montgomery County.

Case stated.

Hillegass & Larzelere, Esqs., Attorneys for Plaintiff.

Opinion by WEAND, J., May 18, 1903.

OPINION:

The case stated discloses the following facts: Plaintiffs in a judgment issued a Levari Facias sur Mortgage, which was placed in the Sheriff's hands, levy made and advertisement of sale for March 4, 1903. On or before the day of sale, the plaintiff in the writ assigned the judgment and marked it to the use of a Trust Company and the writ was stayed. The amount paid to plaintiff was $16,925 and costs. No part of this sum went into the hands of the Sheriff. He has been paid all costs except fees, poundage or commission on said amount of $16,925. To recover $92.12, being the fees, commissions or poundage on said amount this suit is brought and we are called upon by the case stated to determine the right of the Sheriff to demand and recover said sum under the circumstances.

The claim is made under the Sheriff's fee bill of July 11,

1901, P. L. 663, which provides, inter alia, "For paying out money made or received on any writ, process, decree, order or sentence of Court two cents on every dollar awarded and applied, or paid on any judgment, mortgage, encumbrance or other claim, provided that the amount of same does not exceed five hundred dollars; in which case one-half cent on every dollar in excess of this amount awarded and applied, or paid, as aforesaid: Said commission to be allowed whether the money is paid with or without sale, and also in all cases where, after levy, the debt has been paid direct to plaintiff or a compromise made, without the money going through the Sheriff's hands." Under a literal reading of this Act the Sheriff is allowed the commission, although the amount is paid to him within a few minutes after the writ reaches his hand. This is not in accordance with the theory that the commission is for services rendered or responsibility incurred; and is contrary to all reason; but still it may be the law.

The act, however, seems to draw a distinction between cases where the debt is paid to the Sheriff "with or without sale" and where, after levy, the debt has been paid direct to plaintiff or a compromise made, without the money going through the Sheriff's hands. Cases included in the latter clause were evidently intended to cover those in which there was collusion to defeat the Sheriff's claim and which resulted in the debt being paid or compromised.

In this case there is no hint at collusion or compromise, and we must assume that the purchase by the trust company was for investment, there being nothing alleged to show that the debt is paid, or is to be satisfied, or, that the defendant has any part in the transaction. It is difficult to understand why in either case, when there has been no sale, even if the debt is paid by the defendant, debtor, the Sheriff should be allowed this commission, but it would be highly inequitable to compel the plaintiff in the judgment to pay it when he merely assigned the claim bona fide, and there is no attempt at collusion, or to deprive the Sheriff of his commissions.

We construe the expression "said commission to be allowed whether the money is paid with or without sale" when it is paid to the Sheriff, either by the debtor in satisfaction of the debt, and the expression "also in all cases where, after levy, the debt has been paid direct to plaintiff, or a compromise made, without the money going through the Sheriff's hands" to mean where the debt is actually paid or compromised. In this case there was no payment of the debt, nothing paid by the debtor, and no fraud, collusion or compromise, and no money received by the Sheriff.

And now, May 18, 1903, judgment for defendant with costs.